**Sukhuir JHUDGE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71928.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Wade J. Chernick, Encino, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Nancy E. Friedman, Esq., Jacqueline Dryden, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM**

Sukhuir Jhudge, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). We review the BIA's decision for substantial evidence, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003), and due process contentions *de novo, Taha v. Ashcroft*, 362 F.3d 623, 626 (9th Cir.2004). We deny the petition.

Substantial evidence supports the BIA's denial of asylum based on changed country conditions. Because petitioner's political asylum claim is based on his membership in and activities with the Akali Dal Mann, and the 1997 Addendum to the State Department report on India indicates that membership in the Akali Dal Mann is not a ground for mistreatment in India, that the Akali Dal had a victory in the 1997 elections, and that Sikhs do not face harassment or persecution based on their political opinion or religion, substantial evidence supports the BIA's denial of asylum. *See Gonzalez–Hernandez*, 336 F.3d at 996.

By failing to qualify for asylum, petitioner necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

The contention that petitioner's due process rights were violated fails since petitioner cannot show prejudice in light of the changed country conditions. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

